UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAY SHAH,

        Petitioner,

v.

ROBERT W. FOX,

        Respondent.

Case No. 17-cv-06737-NC

**ORDER TO SHOW CAUSE**

Re: Dkt. No. 1

Petitioner Jay Shah, a state prisoner incarcerated at California Medical Facility, Vacaville, California, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. The crux of Shah's constitutional claim in this petition is that his trial counsel failed to challenge a suspension of jury deliberations lasting more than three weeks, thereby violating Shah's due process rights. Because the petition, liberally construed, states a cognizable basis for federal habeas relief, a response from the Respondent is warranted.

## I. BACKGROUND

Petitioner Shah was convicted by a jury in September 2012 in the San Francisco County Superior Court, Superior Court of the State of California. He was convicted on various counts related to real estate transactions, with certain enhancement allegations found to be true. On March 19, 2013, he was sentenced to 20 years in state prison and ordered to pay a fine of $14.10 million. Petitioner appealed his conviction to the

Case No. 17-cv-06737-NC

California Court of Appeal, First District. On July 8, 2016, the Court of Appeal affirmed Petitioner's convictions, but struck certain enhancements and modified the sentence. As to the due process claim relating to the suspension of jury deliberations, the Court rejected it on procedural grounds, ruling that the claim had been forfeited as a result of trial counsel's failure to object. On August 2, 2016, the Court of Appeal modified its order, reducing Shah's sentence by a total of 24 months. Shah petitioned for review by the California Supreme Court. The petition did not raise the due process issue. The California Supreme Court denied the petition for review for the direct appeal on November 9, 2016.

Meanwhile, on August 17, 2016, Shah filed a petition for writ of habeas corpus in the First District Court of Appeal. The petition asserted that Shah had been denied his right to the effective assistance of counsel when his trial counsel failed to object to a three-week suspension of jury deliberations. On December 6, 2016, the Court of Appeal denied the petition. Finally, the California Supreme denied the petition for review on February 1, 2017. This federal petition under 28 U.S.C. § 2254 followed.

## II. DISCUSSION

### A. Legal Standard

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

### B. Petitioner's Legal Claims

Petitioner seeks federal habeas corpus relief by asserting that he was denied his right to the effective assistance of counsel when his trial counsel failed to object to a three-

Case No. 17-cv-06737-NC        2

week suspension of jury deliberations, without a showing of necessity and despite repeated opportunities to object. Liberally construed, the claim appears colorable under 28 U.S.C. § 2254 and merits an answer from Respondent.

### III. CONCLUSION

For the foregoing reasons and for good cause shown, the Court orders:

1. Petitioner promptly must serve the petition and this order on Respondent and the California Attorney General's Office.
2. Respondent must file with the court and serve on Petitioner, within 91 days of the date of this order, an answer showing why a writ of habeas corpus should not be granted. Respondent also must file with the answer and serve on Petitioner a copy of all portions of the administrative record that are relevant to a determination of the issues presented by the petition. In the alternative, Respondent may file a motion to dismiss on procedural grounds.
3. If the Petitioner wishes to respond to the answer, he must do so by filing a traverse (a reply) with the Court and serving it on Respondent within 28 days of the date the answer is filed.
4. Finally, both Petitioner and Respondent must file a consent or declination to magistrate judge jurisdiction under 28 U.S.C. § 636(c). A form is appended to make this determination. The parties are asked to make this determination and to file the consent/declination form within 14 days of this order.

**IT IS SO ORDERED.**

Dated: January 4, 2018

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 17-cv-06737-NC        3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JAY SHAH,<br><br>        Petitioner,<br><br>    v.<br><br>ROBERT W. FOX,<br><br>        Respondent. | Case No. 17-cv-06737-NC<br><br>**CONSENT OR DECLINATION TO MAGISTRATE JUDGE JURISDICTION** |

INSTRUCTIONS: Please indicate below by checking one of the two boxes whether you (if you are the party) or the party you represent (if you are an attorney in the case) choose(s) to consent or decline magistrate judge jurisdiction in this matter. Sign this form below your selection.

**( ) Consent** to Magistrate Judge Jurisdiction

In accordance with the provisions of 28 U.S.C. § 636(c), I voluntarily **consent** to have a United States magistrate judge conduct all further proceedings in this case, including trial and entry of final judgment. I understand that appeal from the judgment shall be taken directly to the United States Court of Appeals for the Ninth Circuit.

      OR

**( ) Decline** Magistrate Judge Jurisdiction

In accordance with the provisions of 28 U.S.C. § 636(c), I **decline** to have a United States magistrate judge conduct all further proceedings in this case and I hereby request that this case be reassigned to a United States district judge.

DATE:                                     NAME:
                                            COUNSEL FOR:
                                            (OR "PRO SE:)

                                            _____
                                            Signature